

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~XWXXXXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4028
Re: Does a stock transfer tax
accrue, under Article XV,
House Bill 8, Acts, Regular
Session, 47th Legislature,
upon; (a) the delivery, in
Texas, of stock in a foreign
corporation by a trustee to
the beneficiary and real
owner; or (b) the delivery,
in Texas, of stock of a foreign
corporation by an officer
thereof who holds such stock as
nominee, to the corporation,
the actual owner thereof; or
(c) other instances of delivery
of stock of a foreign corporation
in Texas from the legal owner
to the actual or beneficial owner,
where such delivery is the only
act or transaction incident to
the transfer of such stock, which
transpires in Texas?

Your letter of September 22, 1941 submits for our opinion the
following questions, which we copy therefrom:

"I would appreciate your official opinion on the following
question which has been raised by the National Association of
Securities Dealers, Inc., District Committee No. 6, pertaining
to Article 15, of House Bill 8, this being the Stock Transfer
Tax Law:

"Is a transfer of stock in a foreign corporation taxable where
there is, in fact, no change of beneficial ownership, the actual
transfer is not made in Texas, and the only thing done in Texas
is the delivery of the stock certificate from the legal owner to
the actual owner?  Examples:

"(a)  Transfer from a trustee to the beneficiary and real owner.

"(b)  Transfer from officer of corporation, who holds stock as nominee, to corporation, the actual owner thereof."

Under subdivisions (a) and (b) of your question, you inquire as to the taxability of a transfer of stock of a foreign corporation or certificate therefor, under the circumstances and conditions stated.  But in the foregoing portion of your letter of submission, hereinabove quoted, you limit the factual situation to the mere delivery within the State of Texas, of such stock from the legal owner to the actual owner, expressly excluding all other incidents of a stock transfer, i.e. the agreement to sell, the sale, or the transfer of such stock certificates upon the stock transfer records of the corporation.  We will accordingly so limit our answer to your question, and will assume, for purposes of this opinion, that the word "transfer" was used, in connection with examples (a) and (b), to mean delivery only, and not to include the other elements of a stock transfer, as commonly understood and hereinabove enumerated.

A mere delivery, within the State of Texas, of shares or certificates of stock of a foreign or domestic corporation is a taxable transaction under the above-cited Stock Transfer Tax Law, even though the other incidents of the transfer, that is, the agreement to sell, the sale and the transfer upon the stock book records of the corporation, all transpire extrastate.  This was our holding in our Opinions Nos. O-3594 and O-3713, based upon the plain text of Section 1 of the Act, providing that "there is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stocks" etc.

We find nothing in the Stock Transfer Tax Law to limit the incidence of this tax to the transfer (using the term "transfer" as embracing each and all of the incidents or transactions made taxable) of the beneficial and actual ownership or interest in shares or certificates of stock, as distinguished from the transfer of the mere legal or nominal ownership or title, illustrated by the two examples before us.  Not only is the general language of the tax levy broad enough to embrace all transfers, (including delivery), both legal and equitable, but the transfer or delivery of stock or stock certificates from the legal owner to the actual or beneficial owner, and vice versa, is included, in express terms and upon the face of the Act, as follows:

"Section 1. There is hereby imposed and levied a tax as hereinafter provided on all sales, agreements to sell, or memoranda of sales, and all deliveries or transfers of shares, or certificates of stock, or certificates for rights to stock, or certificates of deposit representing an interest in or representing certificates made taxable under this Section in any domestic or foreign association, company, or corporation, or certificates of interest in any business conducted by trustee or trustees made after the effective date hereof, whether made upon or shown by the books of the association, company, corporation, or trustee, or by any assignment in blank or by any delivery of any papers or agreement or memorandum or other evidence of sale or transfer or order for or agreement to buy, whether intermediate or final, and whether investing the holder with the beneficial interest in or legal title to such stock or other certificate taxable hereunder, or with the possession or use thereof for any purpose, or to secure the future payment of money or the future transfer of any such stock, or certificate, on each hundred dollars of face value or fraction thereof, three (3) cents, . . ." etc. (Underlining ours)

An affirmative answer to your question, as illustrated by the examples given, is required by the plain provisions of the above statute.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Pat M. Neff, Jr.

By

Pat M. Neff, Jr.
Assistant

PMN:ff/cg

APPROVED DEC. 19, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED Opinion Committee
By BWB, Chairman